IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RANDY T. BOOKOUT and ROBIN )
BOOKOUT, )
                               )
                 Plaintiffs,  )    **CIVIL ACTION**
                               )
v.                             )    No.  11-1064-MLB
                               )
COLUMBIA NATIONAL INSURANCE    )
COMPANY,                       )
                               )
                 Defendant.    )
                               )

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for reconsideration. (Doc. 61). The motion has been fully briefed and is ripe for decision. (Doc. 62). Defendant's motion is denied for the reasons herein.

**Analysis**

Defendant moves for reconsideration on the basis that this court's reliance on K.S.A. 40-2205 was misplaced and contend that summary judgment should be granted in its favor based on the false statements made in the application for insurance. (Doc. 61 at 2). The court did err in holding that section 40-2205 was applicable in this case. That statute applies only to accident and sickness policies. Gibson v. Metro. Life Ins. Co., 213 Kan. 764, 768 (1974). However, the court alternatively held that defendant had also failed to establish that plaintiff committed fraud in the application[1]:

> To establish fraud in the application context,

---
[1] Defendant does not assert that the court's alternative holding was in error.

> defendant must prove the following: (1) an untrue statement of fact made by the insured or an omission of material fact, (2) the insured knew the statement was untrue, (3) the insured made the statement with the intent to deceive or recklessly with disregard for the truth, (4) the insurer justifiably relied on the statement, and (5) the false statement actually contributed to the contingency or event on which the policy is to become due and payable. Chism v. Protective Life Ins. Co., 290 Kan. 645, 654-655 (2010). Even if the statements in the application are attributed to Randy, defendant has not satisfied the elements set forth in Chism. While the statements may be untrue, there is no evidence that the statements were made with an intent to deceive, nor any evidence that the statements were relied on by defendant. Moreover, the facts do not support the conclusion that the statements contributed to the loss in this case. Therefore, defendant's motion for summary judgment based on the false statements in the application is denied.

(Doc. 60 at 6-7).

Defendant asserts that the application of Chism in this case is also error. While Chism dealt with a sickness policy, the standard for an affirmative defense by an insurer of misrepresentation or fraud is not limited to accident and sickness policies. In Chism, the Kansas Supreme Court cited to American States Ins. Co. v. Ehrlich, 237 Kan. 449, 701 P.2d 676 (1985), when discussing the defense. Ehrlich involved an automobile liability policy and held that in order to establish fraudulent misrepresentation, a defendant must establish the following: an untrue material statement, known to be untrue by the party making it, made with the intent to deceive or recklessly made with disregard for the truth and that the insurer justifiably relied on the statement.[2]

As stated in the previous order, there are no facts to support

---

[2] The fifth element set forth in this court's previous order would not be applicable in this case as it applies only in accident and sickness policies. See Chism, 290 Kan. at 654.

-2-

a finding that the statements were made with the intent to deceive nor any evidence that the statements were relied on.  Additionally, there is no evidence that the statements were material as that term is defined in <u>Ehrlich</u>.  237 Kan. 453 ("The test generally applied as to whether a misrepresentation is material, so as to permit the insurer to avoid its obligation under an insurance contract, is whether the knowledge of the truth would have reasonably influenced the insurer in accepting the risk or fixing the premium. It has also been said that whether a misrepresentation is material depends upon whether the insurer's risk of loss is increased thereby. Ordinarily, the materiality of a misrepresentation is a question for the trier of fact.")

## Conclusion

Defendant's motion for reconsideration is therefore denied. (Doc. 61).

IT IS SO ORDERED.

Dated this   12th   day of October 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
