IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDY T. BOOKOUT and ROBIN BOOKOUT, ) ) ) Plaintiffs, ) ) v. ) ) COLUMBIA NATIONAL INSURANCE ) COMPANY, ) ) Defendant. ) ) | **CIVIL ACTION** No. 11-1064-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs' motion in limine. (Doc. 74). The motion has been fully briefed and is ripe for decision. (Docs. 75, 76). Plaintiffs' motion is granted in part and denied in part for the reasons herein.

Plaintiffs seek to prohibit the admission of certain evidence at trial. To the extent it can with the information before it, the court will briefly rule on the motion. The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself."). By the same token, nothing said herein should be constituted as a final ruling admitting evidence to which a valid objection is made at trial.

**I.   Analysis**

   **A.  Kansas Fair Plan Policy**

Plaintiffs seek to exclude any statements regarding the Kansas Fair Plan Policy. Plaintiffs cite to various pages in the Pretrial Order which mention the Kansas Fair Plan and contend that the statements are untrue. Plaintiffs, however, submitted the Pretrial Order to the court and failed to make any objections to those statements. The Pretrial Order controls the subsequent litigation after it is entered. D. Kan. R. 16.2(c). The Kansas Fair Plan is relevant and admissible for the reasons stated in defendant's response and a representative of the Fair Plan is listed as a witness. The parties may propose instructions, if appropriate, that will guide the jury's consideration of evidence relating to the Fair Plan.

Plaintiffs' motion is therefore overruled.

   **B.  Hearsay**

Plaintiffs move for the exclusion of hearsay contained in reports authored by John Harrison, Jack Lucke and Dennis Cranor. Plaintiffs have attached the statements and highlighted several portions which they believe are hearsay. Harrison, Lucke, and Cranor are listed as witnesses. Therefore, it is highly improbable that their written reports, or any portion thereof, will be admissible. Should any party propose to offer a report, or any portion thereof, the party must file a short supporting memorandum no later than 5 p.m., December 3.

Plaintiffs' motion is therefore taken under advisement.

   **C.  Evidence of other Fires**

Plaintiffs seek to exclude the evidence of the prior truck theft

and fire and the barn fire. This evidence is relevant and goes directly to defendant's defenses. Plaintiffs were not granted summary judgment on defendant's defenses. Here again, the parties may propose limiting instructions, if appropriate.

Plaintiffs' motion is therefore overruled.

### D. Evidence of Credibility

Plaintiffs seek to exclude statements by Lucke detailing how Randy Bookout was inconsistent in his interviews. Lucke's report uses language stating that Randy "changed his stories" and "he later said" something different. As discussed in a previous order, the facts that Randy made conflicting statements and when are admissible. Lucke's opinion regarding Randy's credibility, including that he "changed his stories," is not admissible. Plaintiffs' counsel, in an attempt to identify the statements made allegedly concerning Randy's credibility, has highlighted several statements in Lucke's report. (Doc. 75, exh. 8). Most of the statements do not have anything to do with Randy's credibility.

Therefore, without any indication of what statements plaintiffs seek to exclude, plaintiffs' motion is overruled.

### E. Probable Cause Affidavit and Harrision's Statements Regarding Pornography and Robin's Alcoholism Treatment

Defendant responds that it will not seek to introduce this evidence. Therefore, plaintiffs' motion is sustained.

### II. Conclusion

Plaintiffs' motion is sustained in part, overruled in part and taken under advisement in part.

IT IS SO ORDERED.

Dated this 28th day of November 2012, at Wichita, Kansas.

                                              s/ Monti Belot
                                              Monti L. Belot
                                              UNITED STATES DISTRICT JUDGE